| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date: April 4, 2018**<br>**Hearing Time: 2:30 p.m.** |

-------------------------------------------------------------x

In re                                                                  Chapter 11

CESAR FLOREZ,                                              Case No. 18-40642 (CEC)

                                      Debtor.

-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF THE UNITED STATES TRUSTEE TO DISMISS THIS**
**CHAPTER 11 CASE WITH PREJUDICE OR, IN THE**
**ALTERNATIVE, CONVERT CHAPTER 11 CASE TO**
**CHAPTER 7**

**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**
**FOR REGION 2**
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

William E. Curtin, Esq.
Of Counsel

1

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of Cesar Florez (the "Debtor") with prejudice to the Debtor filing a bankruptcy case under any chapter or in any court for two years or, in the alternative, converting the Debtor's chapter 11 case to chapter 7.

## I. INTRODUCTION

This is the Debtor's third bankruptcy filing in the last year. The Debtor's most recent previous case was recently dismissed with prejudice to the Debtor refiling a chapter 13 case for one year. Apparently attempting to use the bankruptcy process as a bad faith attempt to stave off its creditors, the Debtor clearly has no intent to rehabilitate or propose a feasible plan. Moreover, the Debtor has knowingly flouted the requirements of the Bankruptcy Code and Rules by failing to disclose its prior cases. The Debtor has also failed to meet its basic obligations as a debtor-in-possession. The Debtor has failed to maintain appropriate insurance, file schedules, a statement of financial affairs or other required documents, attend a meeting of creditors and timely provide information and attend meetings reasonably requested by the United States Trustee, all of which constitute cause for dismissal under Section 1112(b)(4) (C), (F), (G) and (H), respectively. The Debtor does not appear to have any unencumbered assets to be liquidated or any unsecured creditors to benefit from such liquidation, and the Debtor's secured creditor will be able to exercise its state law remedies against the Debtor outside of bankruptcy. The Court should, therefore, dismiss this case. The Debtor's serial filings, separated by mere months and his demonstrated willingness to file, remain in bankruptcy for a few months and then re-file shortly thereafter, reveal that the proper remedy here is dismissal with prejudice to refiling, under and chapter and in any court, for two years.

## II. **STATEMENT OF FACTS**

**Procedural History**

1. On February 2, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case. See Declaration of William E. Curtin in Support of the Motion (the "Curtin Decl."), dated March 7, 2018, ¶ 3.

3. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession. See Curtin Decl., ¶ 4.

**Assets and Liabilities**

4. The Debtor did not file any schedules. ECF Doc. No. 1.

5. The Debtor did file a document described as a, "Creditor Matrix," which listed one creditor, Bayview Loan Servicing LLC ("Bayview"). Id.

6. The Debtor has not yet requested that the Court set a last day to file proofs of claim and, to date, two claims have been filed against the Debtor in the aggregate amount of $2,240.41. See Claims Register.

**Deficiencies in Debtor's Case**

7. On February 5, 2018, the United States Trustee sent the Debtor a letter (the "July 5th Letter") enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines"). See Curtin Decl., ¶ 8. The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance, provide proof of the opening of a debtor-in-possession bank account and other documents, attend an initial debtor interview and meeting of creditors and file monthly operating reports. Id.

8.  By letter dated February 7, 2018, the Office of the United States Trustee, 1) scheduled an initial debtor interview, in accordance with section 1116(2) of the Bankruptcy Code, for February 27, 2018 at (the "Initial Debtor Interview") and 2) requested that the Debtor produce several documents, including proof of insurance and proof of the opening of a debtor-in-possession bank account. The Debtor failed to appear at the Initial Debtor Interview. See Curtin Decl., ¶ 9.

9.  The meeting of creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") was scheduled for March 5, 2018 at 3:00 p.m. ECF Doc. No. 10. The Debtor failed to appear at the Meeting of Creditors. See Curtin Decl., ¶ 10.

10. To date, the Debtor has failed to provide the United States Trustee with proof of insurance or the opening of a debtor-in-possession bank account. See Curtin Decl., ¶ 11.

**The Previous Cases**

11. This is the Debtor's third bankruptcy case in the past year. See Case Nos. 17-42939 and 17-44852, Curtin Decl., ¶ 12.

12. The Debtor filed his first chapter 13 case on June 6, 2017 (the "First Case"). Case No. 17-42939, ECF Doc. No. 1. The Debtor failed to file required documents, and the Court dismissed the First Case on July 24, 2017. See Case No. 17-42939, ECF Doc. No. 17, Curtin Decl., ¶ 13.

13. The Debtor filed his second chapter 13 case on September 19, 2017 (the "Second Case"). Case No. 17-44852, ECF Doc. No. 1. The Debtor failed to file required documents, and the Court dismissed the Second Case, with prejudice to the Debtor filing another chapter 13 case for one year, by order dated November 20, 2017 (the "Bar Order"). See Case No. 17-42939, ECF Doc. No. 23, Curtin Decl., ¶ 14.

## III. ARGUMENT

**A.     There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

(C)   failure to maintain appropriate insurance that poses a risk to the estate or to the public;

***

(F)   unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G)   failure to attend the meeting of creditors convened under section 341(a);

(H)   failure timely to provide information or attend meetings reasonably requested by the United States trustee;

11 U.S.C. § 1112(b)(4).

The list of factors is non-exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at

93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss Chapter 11 filing on motion or sua sponte).

### 1. This Case Was Filed in Bad Faith

A bad faith filing is one in which the bankruptcy process is misused because "the legitimate ends of bankruptcy law are frustrated by the debtor's actions." In re Syndicom Corp., 268 B.R. 26, 49 (Bankr. S.D.N.Y. 2001). Stated differently, a bad faith case is one "that does not fit within the intended scope of chapter 11 relief as that chapter [was] intended by Congress." Id.

Bad faith is present where, under the "totality of the circumstances," maintaining a Chapter 11 reorganization case is not the "proper course of action," In re Fraternal Composite Serv, Inc., 315 B.R. 247, 249 (Bankr. N.D.N.Y. 2003), and where reorganization is not feasible or "the debtor has no realistic chance of reorganizing." In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1310 (2d Cir. 1997). A determination as to the good faith of a bankruptcy filing requires an inquiry into any possible abuses of the provisions, purposes, or spirit of bankruptcy law and into whether the debtor genuinely needs the liberal protections afforded by the Bankruptcy Code. See In re Setzer, 47 B.R. 340 (Bankr. E.D.N.Y. 1985); see also In re Loco Realty, 2009 WL 2883050, at *2 (noting that good faith "is required to prevent fraud or abuse of the bankruptcy process."). The critical test of a debtor's bad faith remains "whether on the filing date there was no reasonable likelihood that the debtor intended to reorganize and whether there is no reasonable possibility that the debtor will emerge from bankruptcy." In re Loco Realty, 2009 WL 2883050, at *3 (quoting In re 68 W. 127 St., LLC, 285 B.R. 838 (Bankr. S.D.N.Y. 2002)). While multiple factors are considered in determining whether a bankruptcy filing was in good faith, serial filings have been held to be a badge of bad faith. In re Spectee Group, Inc., 185 B.R. 146, 156 (Bankr. S.D.N.Y. 1995). Another factor is whether the timing of the filing evidences an intent to frustrate

and delay the efforts of the debtor's secured creditors to enforce their respective rights. See In re Strawbridge, 2010 WL 779267, at *2. Indeed, "[w]here the primary purpose of the filing of a Chapter 11 case is as a litigation tactic, the petition may be dismissed for lack of good faith." In re C-TC 9th Ave. P'ship, 193 B.R. 650, 654 (Bankr. N.D.N.Y. 1995).

The facts here demonstrate that this bankruptcy case was filed in bad faith. The Debtor is a serial filer whose creditors have suffered through three different bankruptcy filings, all of which appear to be a strategic effort to frustrate their efforts to enforce their interests. In addition, the Petition filed by the Debtor is misleading; as although he discloses that he has filed previous bankruptcy cases, nowhere does the Debtor list, mention or refer to any of his prior bankruptcy cases. See In re Rognstad, 121 B.R. 45, 50 (Bankr. D. Haw. 1990)(bad faith may rest on non-disclosure or misrepresentation and even subsequent amendments do not vitiate bad faith in failing to disclose relevant facts). Also, by filing this chapter 11 case, the Debtor appears to simply be attempting to circumvent the Bar Order, which applied only to chapter 13 cases.

**2. The Debtor has Failed to Provide Proof of Insurance.**

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); In re Daniels, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to convert case to chapter 7).

In the landmark case of Reading Co. v. Brown, 391 U.S. 471, 783-484, 88 S.Ct. 1759, 1766 (1968), the United States Supreme Court held that post-petition tort claims are entitled to administrative priority. Courts in the Second Circuit have held that Reading Co. v. Brown

remains viable under sections 503 and 507 of the Bankruptcy Code. In <u>In re *Enron*</u>, 2003 WL 1562201, (Bankr. S.D.N.Y. March 17, 2003), the Bankruptcy Court considered whether a claim based on a post-petition conversion of a commodity is entitled to administrative expense priority. The Bankruptcy Court adopted the holding of <u>Reading Co. v. Brown</u> and held that, "claims based on tort resulting from the post-petition operation of a debtor's business are entitled to payment prior to payment of those creditors who were meant to benefit from the business's continued operation." <u>Id.</u> at *8.

The Debtor failed to provide the United States Trustee with proof of insurance. <u>See</u> Curtin Decl., ¶ 11. Therefore, there is cause to dismiss the Debtor's case under section 11 U.S.C. § 1112(b)(4)(C).

### 3. The Debtor Failed to Attend the Meeting of Creditors.

The Meeting of Creditors was scheduled for March 5, 2018 and the Debtor failed to appear. <u>See</u> Curtin Decl., ¶ 10. Section 343 of the Bankruptcy Code requires the Debtor to appear and to be examined at the 341 meeting. 11 U.S.C. § 343. The Debtor's failure to appear at the 341 meeting is cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112 (b)(4)(G).

### 4. The Debtor Has Failed to File Schedules.

Section 521 provides, in part, that:

(a) The Debtor shall

    (1) file –

        (A) a list of creditors; and

        (B) unless the court orders otherwise –

            (i) a schedule of assets and liabilities;
            (ii) a schedule of current income and current expenses;
            (iii) a statement of the debtor's financial affairs;

> (iv) copies of all payment advice or other evidence of payment
> received within 60 days before the date of filing of the petition
> by the debtor from any employer of the debtor . . . .

11 U.S.C. § 521(a)(1). The debtor must file the documents listed in Section 521(a)(1) within fourteen days after the filing of the petition unless the Court grants an extension. Fed. R. Bankr. P. 1007(c). A Debtor's obligation to disclose all his interests at the commencement of a case is broad. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (discussing, in the context of asset concealment, how "full disclosure by debtors is essential to the proper functioning of the bankruptcy system").

The Debtor has failed to file schedules, the statement of financial affairs and other required documents. See Notice of Deficient Filing, ECF No. 5. Section 521(a) of the Bankruptcy Code provides that a debtor's duties include filing the schedules and statement of financial affairs. 11 U.S.C. § 521(a). The schedules are required to be filed within fourteen days of the Petition Date. Fed. R. Bankr. P. 1007(c). The Debtor's failure to file the schedules and statement of financial affairs constitutes cause for the dismissal of this case. See 11 U.S.C. § 1112(b)(4)(F) (cause includes the unexcused failure to satisfy timely reporting requirements set forth in the Bankruptcy Code and Rules).

### 5. The Debtor Has Failed Provide Proof that It Opened a Debtor-In-Possession Bank Account.

The Debtor has failed to produce documents to the United States Trustee indicating it has opened a debtor-in-possession bank account. See Curtin Decl., ¶ 11. Section 345 of the Bankruptcy Code requires that a debtor deposit its money in a bonded bank account. 11 U.S.C. § 345. The Debtor's failure to comply with section 345 constitutes cause for the dismissal of the case. See e.g. In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir. 1994) (requirement of section

345 is mandatory). The United States Trustee's request for documents indicating that the Debtor has opened a debtor-in-possession bank account was reasonable and the Debtor failed to comply. Therefore, there is cause to dismiss the Debtor's case under section 11 U.S.C. § 1112(b)(4)(H).

### 6. The Debtor Failed to Appear at the Initial Debtor Interview.

The Debtor failed to appear for the Initial Debtor Interview with the United States Trustee, which was scheduled for February 27, 2018. See Curtin Decl., ¶ 9. The United States Trustee conducts initial debtor interviews in all chapter 11 cases. Under section 1112(b), the Debtor's failure to attend meetings reasonably requested by the United States Trustee constitutes cause for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(H). The Debtor's failure to attend the Initial Debtor Interview, therefore, constitutes cause for dismissal of the Debtor's case.

### B.    There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.

Under Section 1112(b)(2), after the movant establishes cause, the burden shifts to the Debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M. D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

> Section 1112(b)(2) provides that:
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections

>  do not apply, within a reasonable period of time; and
>
>  (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>  (I) for which there exists a reasonable justification for the act or omission; and
>
>  (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of the creditors and the estate and there is no reasonable justification for the Debtor's breach of his fiduciary duties as a debtor in possession.

**C.     Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed, rather than converted. This case appears to be a two-party dispute between the Debtor and a secured creditor. The Court should, therefore, dismiss this case.

**D.     Dismissal Should be With Prejudice to Refiling for Two Years.**

Pursuant to 11 U.S.C. § 349(a), the court has authority to dismiss a debtor's bankruptcy case with prejudice to refiling. In re Montalvo, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009). Section 349(a) provides that

>  [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

The decision to dismiss a case with prejudice is within the court's discretion. Id. at 389 (citing In re Ventura, 375 BR. 103 (Bankr. E.D.N.Y. 2007)). The Second Circuit has long held that when dismissing a chapter 11 case under section 1112(b), the bankruptcy court may preclude the debtor from refiling for bankruptcy relief for a specified period. See, e.g., In re Casse, 198 F.3d 327, 339-41 (2d Cir. 1994) (it is within the sound discretion to dismiss a case with a bar to refiling for a particular period). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987); see also In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); In re Phoenix Land Corp., 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case in order to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of one year).

If the moving party can prove the debtor's bad faith through egregious conduct a court may dismiss a bankruptcy case with prejudice. In re Ventura, 375 B.R. at 109; see also In re Hall, 258 B.R. 908 (N.D.Ind. 2001) ("Dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."). For example, dismissal with prejudice is appropriate where, as here, a Court is faced with a debtor's serial filings. In re Casse, 219 B.R. 657 (Bankr.E.D.N.Y. 1998), aff'd, 198 F.2d 327 (2d Cir. 1999); In re Gonzalez-Ruiz, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006); In re Glenn, 288 B.R. 516 (Bankr.E.D.Tenn. 2002).

Further, dismissal with prejudice is warranted where the debtor has acted in bad faith, caused delay that harms the estate, creditors and other parties in interest, or fails to fulfill its duties as a debtor-in-possession. See In re Phoenix Land Corp., 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). Although recognizing that dismissal with prejudice is a drastic remedy, courts have found dismissal with prejudice is appropriate where, as here, a debtor has failed to comply with the mandatory duties imposed upon a debtor. See In re Steinmetz Group, Ltd., 85 B.R. 633 (Bankr.S.D.Fla.1988) (dismissing case with prejudice based on debtor's failure to attend section 341 meeting); In re Ladd, 82 B.R. 476 (Bankr.N.D.Ind. 1988) (dismissing case with prejudice where debtor failed to appear at three 341 meetings); In re Martin-Trigona, 35 B.R. 596, 601-02 (Bankr.S.D.N.Y. 1983) (dismissing case with prejudice where debtor failed to file plan or schedules, failed to cooperate during meeting of creditors, and violated injunction barring re-filing).

A review of this "[D]ebtor's overall conduct throughout the entire bankruptcy process" can only lead to a determination that the Debtor's case should be dismissed with prejudice. See In re Ladd, 82 B.R. at 477. This is the Debtor's third bankruptcy case in recent months. See Case Nos. 17-42939 and 17-44852, Curtin Decl., ¶ 12. The Debtor filed his First Case on June 6, 2017. Case No. 17-42939, ECF Doc. No. 1. The Debtor failed to file required documents, and the Court dismissed the First Case on July 24, 2017. See Case No. 17-42939, ECF Doc. No. 17, Curtin Decl., ¶ 13. The Debtor filed his Second Case on September 19, 2017. Case No. 17-44852, ECF Doc. No. 1. The Debtor failed to file required documents, and the Court dismissed the Second Case, with prejudice to the Debtor filing another chapter 13 case for one year, via the Bar Order. See Case No. 17-42939, ECF Doc. No. 23, Curtin Decl., ¶ 14.

The Debtor's serial filings, separated by mere months, coupled with his violation of the spirit, if not the letter, of the Bar Order, and his demonstrated willingness to file, remain in bankruptcy for a few months and then re-file shortly thereafter, reveal that the proper remedy here is dismissal with prejudice to refiling, under and chapter and in any Court, for two years. If this case is not dismissed with prejudice, the Debtor could commence a fourth bankruptcy case, again with no intention of taking the steps necessary to successfully reorganize.

## IV. **NOTICE**

The United States Trustee will serve the Notice of Motion and this Memorandum of Law upon the Debtor and any parties who have filed Notices of Appearance in the case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this Motion and dismissing this chapter 11 case with prejudice to the Debtor's refilling, under any chapter and in any court, for two years, and granting such other and further relief as is just and proper.

Dated: New York, New York
      March 7, 2018

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ William E. Curtin*
William E. Curtin (WC-1974)
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255